STATE OF HAWAII, Plaintiff-Appellee, *v.* ADRIENNE BENTON, Defendant-Appellant

NO. 5765

AUGUST 1, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* Defendant was convicted in the district court of the offense of prostitution, as defined in Section 1200 of the Hawaii Penal Code, which reads in part: "A person commits the offense of prostitution if he engages in, or agrees or offers to engage in, sexual conduct with another person in return for a fee." There was no evidence of sexual conduct. The sole witness for the prosecution testified that he and defendant were friends and he "had known her for a while"; that he and defendant went to her room "to have sex, have intercourse," after a discussion in a bar which did not include any mention of a fee for sex or any promise by the witness in return for which defendant was to have sex with him; and that after entering defendant's room the witness placed some money on a coffee table and asked defendant "if she had change for a twenty," and upon defendant's statement that she did not, said that change could be obtained from the bartender when they returned to the bar. At that point the arrest took place. The witness testified that he had given defendant money at other times, and had had sexual intercourse with the defendant on those occasions. Nevertheless, the witness testified that the money was placed on the coffee table as a gift, because defendant had a child and he wanted to help her out.

No motive for the prior transfers of money by the witness to defendant was revealed in the testimony.

Defendant appeals from denial of defendant's "Motion for Reconsideration of Judgment," which motion was upon the stated ground that the evidence adduced at the trial was not sufficient to establish the defendant's guilt beyond a reasonable doubt. This motion was filed prior to entry of the judgment of guilty, and was argued upon the same day the judgment was entered. We treat the motion as one for judgment of acquittal under Rule 37 of the District Court Rules of Penal Procedure. The sufficiency of the evidence to sustain the denial of defendant's motion is governed by the rule stated by this court in *State v. Rocker*, 52 Haw. 336, 345-6, 475 P.2d 684 (1970):

> . . . The test that must be applied whenever a trial judge is compelled to determine whether the prosecution has presented sufficient evidence to withstand a motion for acquittal is well stated in *Curley v. United States*, 160 F.2d 229, 232 (D.C. Cir. 1947), *cert. denied*, 331 U.S. 837 (1947):
>
>> The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. . . .

The testimony of the prosecution witness constitutes the entire case for the prosecution, and defendant offered no evidence. There being no evidence of sexual conduct and no direct evidence of an agreement or offer on the part of defendant to engage in sexual conduct in return for a fee, the conviction rests upon the circumstantial evidence contained in the testimony of the prosecution witness. The district judge considered that the circumstances evidenced an agreement or offer on the part of defendant to engage in sexual conduct with the witness in return for a fee.

We are not called upon to review any determination of the credibility of witnesses or the weight of evidence. The cir-

cumstances from which the inference of guilt was drawn are not in dispute. Nevertheless they are also consistent with an inference of a friendly relationship between the defendant and the prosecution witness which included occasional sexual conduct and also included gifts of money by the witness to the defendant, motivated solely by concern for the defendant's welfare. In our opinion, this inference is among those which may, within reason, be drawn from the facts. *Cf. Greta Starks,* T.C. Memo 1966-134, in which the United States Tax Court refused to hold that gifts from a married man to his mistress constituted income taxable to her. In addition, the testimony of the sole prosecution witness provided an explanation of the facts, which explanation supports the inference of innocence and is uncontradicted.

In *Rodgers v. United States,* 402 F.2d 830 (1968), the Ninth Circuit Court of Appeals held the evidence insufficient to support a verdict of guilty of interstate transportation of a stolen motor vehicle, knowing that it had been stolen. The proof of knowledge that the vehicle had been stolen consisted solely of the inference to be drawn from the fact of defendant's possession of the vehicle shortly after the theft. A prosecution witness testified that he had purchased the vehicle from defendant in reliance on defendant's possession of an apparently valid "title" to the vehicle. The court pointed out that there was nothing in the record inconsistent with defendant having the same good faith belief in the validity of his title that the witness had, and said:

> We do not here revive the often stated but long discredited notion that the government is "bound" by the testimony of every witness that it calls or the contents of every document that it puts in evidence. That is not the point here. Here, the government introduced evidence contrary to the inferences that it wanted the jury to draw, thus itself "explaining" Rodgers' possession, and did nothing to relieve itself of the effect flowing from that evidence. On this record, the inferences are not available to it.

> We do not mean that in every case where some of the government's evidence is arguably contrary to an infer-

412

ence that it wishes to have the jury draw from other evidence, the inference may not be drawn. We limit our holding to this case. . . . 402 F.2d at 833-4.

We hold that the evidence in this case fails to meet the test of sufficiency enunciated in *State v. Rocker, supra.* The conviction is reversed and the case is remanded for entry of judgment of acquittal.

*Charles F. Fell (Mirikitani, Thurston & Tongg* of counsel) for defendant-appellant.

*Douglas H. Ige,* Deputy Prosecuting Attorney *(Maurice Sapienza,* Prosecuting Attorney, with him on the brief) for plaintiff-appellee.